UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/22/09
```

RENE CANALES, *et al.*,

                Plaintiffs,

-v-

115 BROADWAY CORP, *et al.*,

                Defendants.

No. 09 Civ. 4674 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    The Court is in receipt of a letter from Plaintiffs, dated September 18, 2009, with attached affidavits, and a letter from Defendants, dated September 18, 2009, also with attached affidavits. The Court construes Plaintiffs' letter as a motion for conditional certification as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

    Under Section 216(b) of the FLSA, an action to recover unpaid wages:

> [m]ay be maintained against any employer . . . by one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

    It is well settled that district courts have discretion under this section to authorize the sending of notice to potential class members, and to direct a defendant employer to disclose the names and addresses of those potential class members. *Hoffman-LaRoche v. Sperling*, 493 U.S. 165 (1989); *Hoffman v. Sbarro. Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997). When employed in the appropriate case, these mechanisms foster "the broad remedial purpose of the [FLSA] . . . as

well as the interest of the courts in avoiding multiplicity of suits." *Braunstein v. E. Photographic Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1978).

In determining whether a matter should proceed as a collective action, courts generally follow a two-step process. First, a court determines whether class members are similarly situated, based on the pleadings and affidavits. *Jacobs v. N.Y. Foundling Hosp.*, 483 F. Supp. 2d 251, 265 (E.D.N.Y. 2007) (citing *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006)); *see also Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 632 (S.D.N.Y. 2007). If the plaintiffs can satisfy the minimal burden of demonstrating that they are similarly situated to the potential class members, the court certifies the class and provides for notice to be sent to allow potential plaintiffs to "opt in" to the action. *Jacobs*, 483 F. Supp. 2d at 265. Due to the conditional nature of the certification contemplated at the notice stage, the "burden on plaintiffs is not a stringent one, and the court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'" *Hoffmann*, 982 F. Supp. at 261 (citing *Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995)). In short, Plaintiffs must make a "modest factual showing sufficient to demonstrate that [they] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Hoffman*, 982 F. Supp. at 261; *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 367-68 (S.D.N.Y. 2007), *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 1010, 1014 (S.D.N.Y. 2003); *Rosolico v. Unisys Corp.*, 199 F.R.D. 468, 480 (E.D.N.Y. 2001).

After discovery, the court undertakes a second inquiry, examining with a greater degree of scrutiny whether members of the plaintiff class, including those who have opted in, are similarly situated. *Jacobs*, 483 F. Supp. at 265. If the court is satisfied at this stage that the class

members are similarly situated, the collective action proceeds to trial; otherwise, the court decertifies the class, and the class members must pursue their claims individually. *Id.*

Plaintiffs' current motion for conditional certification implicates the first of these two inquiries, and accordingly, Plaintiffs bear only a "minimal" burden to demonstrate that class members are similarly situated. *Jacobs*, 483 F. Supp. at 265. After having reviewed Plaintiffs' complaint and the various affidavits submitted by Plaintiffs — specifically, the Declarations of Rene Canales, Astrid Aimee Ortiz, and Alicio Zavale — the Court finds that Plaintiffs have met their minimal burden. Plaintiffs swear that they were employed by the Defendants, that they regularly worked more than forty hours per week without being paid proper overtime, and that Defendants employed numerous other individuals who were similarly situated. (*See* Canales Decl. at ¶¶ 3, 9-11; Ortiz Decl. at ¶¶ 3, 9-11; Zavala Decl. at ¶¶ 3, 9-11.) Although Defendants have submitted voluminous documentation in the form of time sheets in opposition to Plaintiffs' motion, relying primarily upon the assertion that "Plaintiffs time and payroll records clearly show absolutely and unequivocally no violation of the FLSA," *see* Affirmation of Joseph M. Labuda, Esq., ¶ 10, "it is not necessary for a court to evaluate the merits of a plaintiff's claims in order to determine that a group of similarly situated persons exists." *Cuzco*, 477 F. Supp. 2d at 633; *see also Hoffmann*, 982 F. Supp. at 262. Rather, Plaintiffs must make only a modest factual showing that they, along with the proposed class members, were subject to the same policies that violate the FLSA, which they have done in their Complaint and affidavits. As stated by another court in this District:

> At this preliminary certification stage, plaintiffs have satisfied their minimal burden of showing that they are 'similarly situated' to the proposed class members. All of the proposed class members are current or former employees of the defendants' . . . facilities. In their declarations, the named plaintiffs set forth some of the factual bases

3

for their claims along with their knowledge of the applicability of their claims to members of the proposed class. The named plaintiffs have adequately alleged that they together with the proposed class members were subjected to common wage, overtime and payroll practices that violated the FLSA. Having done so, they are entitled to proceed in a representative capacity.

*Iglesias-Mendoza*, 239 F.R.D. at 368

Of course, "[w]hether [P]laintiffs' evidence will suffice to survive a motion for summary judgment or to carry their burden at trial will become apparent in due time and in the light of full discovery. For the moment, the factual variations [D]efendants rely on do not undercut [P]laintiffs' allegations of common wage and overtime practices that violate the FLSA." *Id.*; *cf. Krueger v. New York Telephone Co.*, Nos. 93 Civ. 178, 179 (LMM), 1993 WL 276058, at *2 (S.D.N.Y. July 21, 1993) ("[E]ven if plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out not to be similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in this case.").

Accordingly, Plaintiffs' motion for conditional certification of this case as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) is granted. Defendants shall provide Plaintiffs with the names and addresses of individuals who worked for Defendants between May 18, 2003 and the present forthwith. It is further ordered that the parties provide the Court with a jointly proposed stipulated Notice of Pendency and Consent to Join the Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), no later than Friday, October 16, 2009. The jointly proposed Notice shall be sent to the chambers' email address at sullivannysdchambers@nysd.uscourts.gov as an attachment in both .pdf and .wpd (WordPerfect) format. After approving the proposed stipulated Notice, the Court will decide Plaintiff's request

to authorize the distribution of the Notice via First Class Mail and posting at Defendants' business locations.

SO ORDERED.

Dated: September 22, 2009
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE