UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
RENE CANALES et al.,

                               Plaintiffs,

          -against-                                        09 Civ. 4674 (RJS)

115 BROADWAY CORP. et al.,

                               Defendants.
------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR FINAL APPROVAL AND ATTORNEY'S FEES

### INTRODUCTION

      The parties seek final approval of their proposed settlement of Plaintiffs' claims against Defendants for alleged failure to pay overtime wages as required under the Fair Labor Standards Act and New York Labor Law. In particular, they seek an order from this Court: a) granting final approval of the class settlement and distribution schedule; and b) approving payment of requested attorney's fees to class counsel. The settlement, negotiated through extensive arms length bargaining, is fair, reasonable and adequate. Class members have been notified in the form directed by the Court, and have had the opportunity to seek exclusion from the class or object to the settlement. There have been no requests for exclusion from the class or objections to the settlement.

### FACTUAL AND PROCEDURAL BACKGROUND

      Defendants in this case are the owners and operators of a deli/restaurant chain with three locations in Manhattan. The Plaintiffs are current and former employees of the Defendants who

worked at all of Defendants' business locations preparing food, operating cash registers, cleaning, and performing other manual labor between the dates of May 18, 2003 and the present.

On May 18, 2009, named Plaintiffs Rene Canales, Alicio Zavala and Astrid Aimee Ortiz commenced this action as a putative class action under Fed.R.Civ.P. 23 and as a collective action under 29 U.S.C. § 216(b). Plaintiffs allege that, in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law "(NYLL"), Defendants: (1) failed to pay employees overtime; (2) failed to pay employees premium pay for hours worked in excess of ten hours per day; (3) made unauthorized deductions from employees' wages; and (4) failed to keep complete and accurate records of hours worked by and wages paid to employees.

The Court conditionally certified this case as a collective action under the FLSA on September 22, 2009. Notice was sent to the putative class members that had been identified by Defendants, and 18 additional employees opted in as Plaintiffs. The case was then referred to Magistrate Judge Peck for a Settlement conference, which was held on April 14, 2010. In the weeks that followed, the parties continued to discuss settlement, and reached an agreement on settlement terms on August 27, 2010.[1]

In an Order dated March 1, 2011, this Court conditionally approved the parties' Stipulation of Settlement. (*Order Preliminarily Approving the Class Action Settlement*, "*Preliminary Approval Order*," Dkt. No. 70). The Court conditionally certified the following settlement class: "all current and former cashiers, deli workers and/or manual laborers who

---

[1] The agreed upon settlement terms are described in detail in the parties Proposed Joint Stipulation and Settlement agreement, attached as *Exhibit A* to the *Smith Declaration in Support of Plaintiffs' Motion for Preliminary Approval,* Dkt. No. 67-1 and *Plaintiffs' Amended Memorandum of Law in Support of Motion for Preliminary Approval,* Dkt. No. 68.

worked for Defendants at any time from May 18, 2003 through the date the Notice of Proposed Settlement of a Class and Collective Action Lawsuit, Claim Form and Consent to Join the FLSA Action is sent to the putative class." The Court also approved the Notice of Proposed Settlement of Class and Collective Action Lawsuit ("Class Notice") and the Claim Form and Consent to Join FLSA Action (the "Claim Form"), attached as *Exhibits B and C* to the *Smith Declaration in Support of Motion for Preliminary Approval* (Dkt. Nos. 67-2 and 67-3). The *Preliminary Approval Order* also set forth the procedure for dissemination of Class Notice by the Claims Administrator (Plaintiffs' counsel), provided that any objections or requests for exclusion be received before the May 23, 2011 deadline (which was later extended to July 6, 2011), and set a Final Approval Hearing for June 24, 2011.

Thereafter, Class Notice was disseminated by Plaintiffs' counsel in the manner described in the *Preliminary Approval Order*, the parties' *Stipulation of Settlement*, and the *Declaration of Jennifer Smith* filed herewith. (*"Smith Decl.,"* ¶¶ 11-24 ). As of the date of this filing, Class Counsel has received no objections to the settlement and no requests to opt out of the settlement. (*Id.*, ¶ 25).

## ARGUMENT

The class action Settlement procedure generally includes three distinct steps: (1) preliminary approval of the proposed Settlement agreement after submission to the Court of a written motion for preliminary approval; (2) dissemination of Notice of Settlement to all affected class members; and (3) a final settlement approval hearing at which class members may be heard regarding the Settlement. *See* Fed.R.Civ.P. 23(3); *see also* Herbert B. Newberg & Alba Conte, *Newburg on Class Actions* ("*Newburg*"), §§ 11.22, et seq. (4th ed. 2002). With this motion,

Plaintiffs request that the Court take the final step in the class settlement approval process and grant final approval of the proposed settlement

### I.     The Settlement Class Meets the Legal Standard for Class Certification

As set forth in detail in *Plaintiffs' Amended Memorandum of Law in Support of Motion for Preliminary Approval* ("*Motion for Preliminary Approval,*" Dkt. No. 68, pages 12-17), incorporated herein by reference in all respects, the settlement class for which the parties seek final approval easily meets Rule 23(a)'s requirements of numerosity, commonality, typicality and adequacy of representation and at least one subsections of Rule 23(b).

### II.    The Proposed Settlement is Fair, Reasonable and Adequate and Should be Approved

Rule 23(e) requires that a proposed class Settlement be procedurally and substantively fair, reasonable, and adequate. Fed.R.Civ.P. 23(e); *see also Wal-Mart Stores, Inc. V. Visa U.S.A. Inc.,* 396 F.3d 96, 116 (2d Cir. 2005). To determine procedural fairness, courts look at the negotiation process that led to the Settlement. *Id.* at 116. To determine substantive fairness, courts examine whether the proposed Settlement is fair, reasonable and adequate according to the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974) (*"Grinnell"*). A court's fairness evaluation should take place in light of the "strong judicial policy favoring settlements" of class action lawsuits. *Wal-Mart Stores*, 396 F.3d at 116.  As discussed in detail in *Plaintiffs' Motion for Preliminary Approval*, the *Grinnell* factors weigh heavily in favor of final approval.(Dkt. No. 68, pages 5-12)

The second *Grinnell* factor, the reaction of the class, "is perhaps the most significant factor to be weighed." *Maley v. Dale Global Techs. Corp.,* 186 F.Supp. 2d 358, 362-63 (S.D.N.Y. 2002). Here, the Class Notice has been distributed as per the parties agreement and the Court's

instruction. (*Smith Decl*. ¶¶ 11-24) The Notice included an explanation of how settlement proceeds were to be divided amongst participating class members. It also informed class members of their right to object to or exclude themselves from the settlement, and explained how to do so. Nontheless, no class members objected to the Settlement or requested exclusion. (*Id.* ¶ 25) "The fact that the vast majority of class members neither objected nor opted out is a strong indication" of fairness. *deMunecas v. Bold Food, LLC,* No. 09 Civ. 440, 2010 WL 3322580, at *5 (S.D.N.Y. Aug. 23, 2010) (approving settlement where no class members objected to the Settlement, and one class member requested exclusion)*,* quoting *Wright v. Stern,* 553 F.Supp.2d 337, 344-45 (S.D.N.Y.2008) (approving settlement where 13 out of 3,500 class members objected and 3 opted-out); *see also Khait v. Whirlpool Corp.*, No 06 Civ. 6381, 2010 WL 2025106, at *5 (E.D.N.Y. Jan 20, 2010) (granting final approval where no class members objected and two class members opted out); *Prasker v. Asia Five Eight LLC,* No. 08 Civ. 5811. 2010 WL 476009, at *4 (S.D.N.Y. Jan 6, 2010) (granting final approval where no class members objected and two class members opted out); *Damassia v. Duane Reade, Inc.,* No. 04 Civ. 8819, No. 04 Civ. 2295, 2009 WL 5841128 (S.D.N.Y. July 27, 2009) (finding settlement to be fair, reasonable, and adequate where no class members objected and one class member opted out). As such, the second *Grinnell* factor weighs in favor of final approval, particularly now that the notice period has expired and there have been no objections to the settlement.

### III.    Class Counsel's Requested Fees are Reasonable

Class counsel seeks an award of attorney's fees, inclusive of costs, in the amount of $65,000, which is between 25% and 26% of the $251,000 minimum fund created by the settlement and significantly less than the lodestar amount. As discussed below, the requested fees

are reasonable by any standard. Moreover, Defendants have agreed to pay this amount of the fund as attorney's fees and not oppose class counsel's application. *(Stipulation of Settlement,* Dkt. No. 67-1).

    A.    <u>The Percentage Method</u>

In the Second Circuit, a district court may calculate reasonable attorney's fees in a class action settlement by either the percentage of fund method or the lodestar method. *See McDaniel v. County of Schenectady*, 595 F.3d 411, 417-18 (2d Cir. 2010). "[T]he trend in [the Second] Circuit is toward the percentage method." *Id.* at 417. Courts routinely affirm percentage awards of 30 to 33% of the settlement fund in contingency employment cases. *See, e.g., Cent. States Southeast & Southwest Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 249 (2d Cir. 2007) (30%); *Castagna v Madison Square Garden, L.P.,* No. 09 Civ. 10211, 2011 WL 2208614, at *9 (S.D.N.Y. June 7, 2011); *Clark v. Ecolab, Inc.,* Nos. 07 Civ. 8623(PAC) et. al., 2010 WL 1948198 at *9 (S.D.N.Y. May 11, 2010) (one-third); *Levinson v. About.com, Inc.*, No. 02 Civ. 2222, 2010 WL 4159490 (S.D.N.Y. Oct. 7, 2010); *Khait v. Whirlpool Corp.,* No. 06–6381, 2010 WL 2025106 at *8 (E.D.N.Y. Jan. 20, 2010) (33%); *Reyes v. Buddha–Bar NYC,* No. 08 Civ. 0249, 2009 WL 5841177, at *4 (S.D .N.Y. May 28, 2009) (33%); *Mohney v. Shelly's Prime Steak Stone Crab & Oyster Bar,* No. 06 Civ. 4270, 2009 WL 5851465, at *5 (S.D.N .Y. Mar. 31, 2009) (33%). Here, the fees Class Counsel seek are between 25 and 26% of the $251,000 minimum fund created by the settlement, and significantly less than 25% of the capped fund of $451,000, and are therefore well within the range of what is reasonable in this Circuit.

B.      The Lodestar Method

The fees requested by Class Counsel are also reasonable under a lodestar analysis. In contingent litigation, lodestar "multiples" of over 4 are commonly awarded by courts in this Circuit. *In re Telik,* 576 F.Supp.2d 570, 590 (S.D.N.Y. 2008). Here, the lodestar is significantly higher than what counsel requests. Using a lodestar analysis, counsels' fees would be as follows:

|                  | Hours  | Rate  | Total Fees |
|------------------|--------|-------|------------|
| Bruce E. Menken  | 30.50  | $500  | $17,125    |
| Jennifer Smith   | 202.21 | $300  | $51,645    |
| TOTAL:           |        |       | $68,770    |

(*See Smith Decl.* ¶¶ 3-10 and *Exhibits A and B* thereto). This calculation is based on hourly rates of $500 for Bruce Menken, a senior partner with 24 years of experience, and $300 for Jennifer Smith, a senior associate with 9 years of experience. A recent decision in this District by Judge Robert Patterson, *Clover v. Shiva Realty of Mulberry, Inc.*, confirmed that these rates are reasonable. No. 10 Civ. 1702 (RPP)2011 WL 1832581, *5 (S.D.N.Y. May 13, 2011) (granting hourly rates of $500 for Bruce Menken and $300 for Jennifer Smith).[2] The lodestar sum therefore actually exceeds counsel's reasonable fee request.

---

[2] *See also, Adorno v. Port Authority of NY and NJ*, 685 F.Supp. 2d 507 (S.D.N.Y. 2010) (Experienced employment law partner in small firm awarded $550 per hour); *Rozell v. Ross-Holst*, 576 F.Supp 2d 527 (S.D.N.Y. 2008) (Experienced civil rights law partner in small/mid sized firm awarded $600 per hour and senior associates awarded $350 per hour); *Chan v. Sung Yue Tung Corp.*, 2007 WL 1373118 (S.D.N.Y. May 8, 2007 at *3, D.J. Lynch) (Corporate Partner with 16 years experience doing pro bono work awarded $450 per hour).

C.     *Goldberger* Factors

Counsel's fees are also reasonable under the factors set forth in *Goldberger v. Integrated Res. Inc.,* 209 F.3d 43, 51 (2d Cir.2000). These factors are applicable to determining reasonableness under both percentage-of-fund and lodestar methods. Courts consider: (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of litigation; (4) quality of representation; (5) the requested fee in relation to the settlement and (6) public policy considerations. *See Id.* at 50. Counsel's requested fee is reasonable under both methods.

i.     *Time and Labor Expended by Counsel*

Counsel has spent hundreds of hours of attorney time litigating this action and engaging in settlement negotiations. (*See Smith Decl.* ¶¶ 3-10 and *Exhibits A and B* thereto). "Plaintiffs' class counsel developed, litigated and successfully negotiated this action by themselves, expending substantial time and effort." *Maley v. Del Global Technologies Corp.*, 186 F. Supp.2d 358, 371 (S.D.N.Y. 2002).  This work included meeting with and interviewing the Plaintiffs and the opt ins on numerous occasions, reviewing and analyzing records produced by Plaintiffs and Defendants, drafting the Complaint, preparing the motion for conditional certification of the case as a collective action under the FLSA and notice thereof, drafting and responding to discovery requests, researching and analyzing legal and factual issues, creating comprehensive damage calculations based on Defendants' records and Plaintiffs' recollection of hours worked; preparing for and attending a settlement conference, engaging in extensive negotiations to settle the case and draft a settlement agreement and notice thereof, facilitating the distribution of class notice, drafting motion papers and briefs to the Court for preliminary approval of the class and settlement, facilitating the distribution of class action notice and claims forms, meeting with the

individuals who submitted claims forms, and drafting this motion for final approval. (*Smith Decl.* ¶¶ 3-4) Additionally, the fact that counsel's requested fee award will compensate them for not only the work done thus far, but also for the time that will be required to further administer the settlement supports this fee request. *Dias v. Eastern Locating Service, Inc.,* 2010 WL 5507912, at *7 (S.D.N.Y. Nov. 29, 2010).

    ii. *The Magnitude and Complexities of the Litigation*

The "magnitude and complexity" of this case supports Class Counsel's fee request. This litigation lasted over two years and involved substantial investigation, discovery and legal analysis. There was also additional complexity due to the lack of documentary proof possessed by both parties of hours worked by the putative class members. Finally, it is always challenging to represent a class of relatively disenfranchised, transient individuals who are often very difficult to reach and communicate with.

    iii. *The Risk of the Litigation*

Because of the contingent nature of the case, Class Counsel risked substantial time and effort with no guarantee of compensation: counsel took the case pursuant to a retainer agreement with the named Plaintiffs that provided for a fee only if Plaintiffs obtained recovery. Moreover, Class Counsel took considerable risk in prosecuting this as a class action. The risks of litigation therefore weigh in favor of granting Class Counsel's fee request.

    iv. *The Quality of Representation*

Class Counsel respectfully suggests that the quality of the representation of the class supports the request for the 25% fee award, as well. This factor, as the Court knows, is the most important <u>Goldberger</u> factor. "The critical element in determining the appropriate fee to be

awarded class counsel out of a common fund is the result obtained for the Class through the efforts of such counsel." Maley, 186 F. Supp.2d at 374. Here, the monetary results achieved for the class are excellent. In fact, participating class members are receiving virtually all of their unpaid overtime wages. (*Smith Decl.* ¶¶ 38, 30, *Exhibit A* thereto)

    *v.*    *The Requested Fee in Relation to the Settlement*

As discussed in Section III(A) above, the 26% percent attorney's fee negotiated as part of the settlement agreement is well within the range of permissible fees in common fund cases and illustrates the reasonableness of the fee.

    *vii.*    *Public Policy Considerations*

Public policy considerations weigh in favor of awarding Counsel's requested fee as "[p]rivate attorneys should be encouraged to take risks required to represent those who would not otherwise be protected from socially undesireable activities..." *Maley*, 186 F.SUpp. 2d at 374.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court a) grant final approval of the class settlement and distribution schedule; and b) approve payment of requested attorney's fees to class counsel.

Dated:    New York, New York
            June 17, 2011

                                        Respectfully submitted,

                            By:    *s/*
                                    Jennifer Smith
                                    BERANBAUM MENKEN LLP
                                    80 Pine Street, 33rd Floor
                                    New York, New York 10005
                                    (212) 509-1616